UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH DOMINQUEZ,<br><br>        Petitioner,<br><br>  -against-<br><br>THE PRINICPAL'S OF THE STATE OF NEW YORK, et re. Suffolk County District Attorney,<br><br>        Respondent. | 24-CV-7931 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Petitioner Ralph Dominquez, who is currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* "petition for a writ of cause," challenging the constitutionality of his custody. Petitioner originally was incarcerated following his judgment of conviction, which was entered on or about April 11, 1985, in the New York Supreme Court, Suffolk County. *See People v. Dominquez*, 141 A.D.2d 833, 834 (1988), *leave denied*, 5 N.Y.3d 761 (2005). On July 20, 2021, Petitioner was released from custody; however, in 2023, Petitioner's parole was revoked, and he was reincarcerated. Petitioner now appears to challenge his underlying conviction and the revocation of his parole.[1]

  Because Petitioner was convicted and sentenced in Suffolk County, where his parole revocation proceedings likely occurred, the Court transfers this action to the United States District Court for the Eastern District of New York.[2] *See* Loc. Civ. R. 83.3 ("establishing a

---

[1] In 1998, Petitioner filed, in the United States District Court for the Eastern District of New York, a petition for a writ of *habeas corpus*, under 28 U.S.C. § 2254, challenging the constitutionality of his April 11, 1985 conviction. *See Dominquez v. Portuondo*, No. 98-CV-7626 (TCP), 2003 WL 22284154, *3 (E.D.N.Y. Nov. 3, 1999). The Eastern District dismissed the petition as time-barred.

[2] Suffolk County is in the Eastern District of New York. *See* 28 U.S.C. § 112(c).

presumptive rule that habeas corpus applications shall be filed, heard, and determined in the district within which conviction and sentencing occurred").[3]

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this case.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 24, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[3] Petitioner titles his petition, a petition for a writ of cause, not a petition for a writ of *habeas corpus*. The Court leaves to the transferee court the decision whether to recharacterize the petition as one brought under 28 U.S.C. § 2254.

2